Blandford, J.
1. Railroad companies are common carriers and liable as such. Acts 1855 p. 155 ; Code, §2083.
2. When a common carrier receives goods to be transported beyond. the terminus of its own line, it undertakes to transport them to the point of destination, either by himself or by competent agents, and if the goods are lost beyond the terminus of its line, it will be liable therefor. 8 Mees, and W., 421; 45 G., 148; 38 Id., 87, 519; 37 Id., 103 ; • 36 Id., 635.
3. Section 2084 of the Code, which provides that where there are several railroads of different companies, and the goods are intended to be transported over more than one railroad, each company shall be responsible only to its Owh terminus and until delivery to the connecting road, and that the last company which receives the goods as in good order shall be responsible to the consignee for any damage, and such companies shall settle among themselves the question of ultimate liability, does not change the rule of liability of railroad companies as *351 common carriers, as it existed at the time of the adoption of that section of tlie Code. It only declares the rule of liability to be the same as that theretofore existing, where there was no contract,, express or implied, general or special, by the first carrier, to transport the goods to their final destination; and it gives a cumulative remedy to the consignee.
Broyles & Johnson, for plaintiff in error.
Hooper Alexander, for defendant.
4. When goods are received by a carrier to be transported beyond the terminus of its line and delivered at a particular place, and to a particular person at such place of destination, without more, a contract is implied that the carrier will cause such goods to be carried to the place of destination without damage or hurt, and for failure to perform its contract it w'ill be liable for any damages that may arise.
(a) In order to ascertain if any contract was made by the first carrier with the shipper to transport beyond its line to the jilace of destination, the bill of affreightment may be looked to, and aliunde evidence also may be introduced, such as the payment of all the freight charges to the first carrier, the designation of the lines of road over which the goods are to go, and the apportionment by the first carrier of the amount which each line is to be paid for such carriage; and from these facts the jury may determine whether any contract, express or implied, was made, whereby the first carrier engaged to carry the goods to the point of destination. 32 Ga., 403.
(b) The majority opinion in 42 Ga., 642, overruled and the dissenting opinion adopted.
Judgment reversed.